UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA G. QUERING,

    Plaintiff,

vs.     Case No. 2:08-cv-627-FtM-29DNF

BANK OF FLORIDA CORPORATION,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Bank of Florida Corporation's Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action and Supporting Memorandum of Law (Doc. #14) filed on December 2, 2008. Plaintiff Barbara Quering filed a Response to Defendant's Motion to Dismiss (Doc. #20) on January 9, 2009. Because of several pleading deficiencies, the motion to dismiss will be granted, with leave to amend.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted); Erickson v. Pardus, 127 S. Ct. at 2200; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Rule 10(b) requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and][e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count." FED. R. CIV. P. 10(b). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" Beckwith v. Bellsouth Telecoms., Inc., 146 Fed. Appx.

368, 371 (11th Cir. 2005) (citing Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir. 2001)).

**II.**

Construed liberally due to plaintiff's *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), the Complaint asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), of sexual harassment based on a hostile work environment and of retaliation.[1]  Plaintiff also requests that the Court "appoint legal counsel pursuant to 42 U.S.C. 2000e-5(f)(1)(3)."  (See Doc. #1, p. 2.)

In support of her claims of sexual harassment in a hostile work environment, plaintiff states that during a period from February, 2006 to February, 2007, she was "subjected to a 12 month period of an increasingly and incrementally hostile work environment by a group of some 21 co-workers.  The hostility, which was both overt and implied and sexual in nature, emanated from malicious rumor that was allowed to be spread and flourish unchecked in the workplace."  (See Doc. #1, pp. 1, 2.)  Plaintiff also states, "The management ignored my repeated complaints, and in July, 2006, Human Resources, acting with reckless indifference,

---

[1] Plaintiff also appears to indicate improper investigatory conduct and the existence of a conflict of interest on the part of the EEOC investigator assigned to the case, as well as libel on the part of defendant's attorney (see Doc. #1, p. 2).  Because the motion to dismiss is limited only to Title VII claims against defendant Bank of Florida Corporation, however, the Court will not address these other claims at this time.

-3-

told me to 'deal with it' myself." (Id. at p. 2.) In support of her retaliation claim, plaintiff states that upon filing a complaint with the Equal Employment Opportunity Commission (EEOC), she "began to receive retaliatory negative work performance evaluations in January, 2007, which [she] also then reported to the EEOC." (Id.)

Defendant requests that the Court dismiss plaintiff's Complaint for failure to state a cause of action upon which relief may be granted. Defendant asserts that plaintiff fails to provide specific information as to the nature of the alleged rumor, the nature of the alleged hostility and the names of the alleged perpetrators (see Doc. #14, pp. 2-4). Defendant further argues that plaintiff fails to satisfy several elements of her stated causes of action because she: "fails to allege that the 'hostility' was so severe or offensive that it affected the terms or conditions of her employment or otherwise specify how the conditions of her employment were affected"; "fails to adequately allege that the harassment complained of was directed toward her because of her sex"; makes vague and conclusory statements in the Complaint; and fails to make statements of fact in her Complaint sufficient to give defendant notice of the claims against which it must defend, instead attaching two EEOC Notices of Dismissal and seventeen (17) "vague" exhibits ranging in date from 1993 to 2007 (see id.).

**III.**

**A. Plaintiff's Title VII Claims**

The elements of the causes of action asserted by plaintiff are well-established. To establish a hostile work environment claim based upon sexual harassment under Title VII, a plaintiff must show: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment was based on the sex of the plaintiff; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. See, e.g., Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1244 (11th Cir. 2004). See also Pa. State Police v. Suders, 542 U.S. 129 (2004); Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999) (citing Henson v. City of Dundee, 682 F.2d 897, 903-05 (11th Cir. 1982)).

To establish a prima facie case of retaliation under Title VII, the plaintiff must show that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is some causal relation between the two events. See, e.g., Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186-87 (11th Cir. 2001); Johnson v. Booker T. Washington Broad. Serv., 234 F.3d 501, 507 (11th Cir. 2000).

The Court finds that the Complaint is inadequately pled. With respect to the sexual harassment claim, plaintiff provides insufficient factual allegations to support her claim against defendant. With respect to the retaliation claim, the Court finds that the Complaint provides insufficient facts to establish the last two elements of a retaliation claim. Because leave to amend the Complaint will be provided, however, plaintiff may cure this deficiency in an amended pleading. The Court also finds that separation of the sexual harassment claim and the retaliation claim, as well as any other claims, into separate counts will facilitate the clear presentation of the case under FED. R. CIV. P. 10.

As plaintiff is proceeding *pro se*, the Court will take this opportunity to further explain some of the responsibilities and obligations that she bears as a *pro se* party. In filing an Amended Complaint, plaintiff must conform to the pleading requirements of Federal Rules of Civil Procedure 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs. The document should be titled, "Amended Complaint." In the body of the Amended Complaint, plaintiff should clearly describe how defendant is involved in the alleged claim. Plaintiff must provide <u>support in the statement of facts</u> for each of the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff

must provide support for each of the alleged claims by stating facts sufficient to provide grounds for her claimed entitlement to relief.

**B. Plaintiff's Request for the Appointment of Counsel**

In her Complaint, plaintiff requests that the Court appoint counsel to represent her in this case. Plaintiff cites to 42 U.S.C. § 2000e-5(f)(1),[2] which provides, in relevant part:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

Pursuant to this section and 28 U.S.C. § 1915(e)(1), a district court may exercise broad discretion and appoint counsel for an indigent plaintiff. See, e.g., Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A plaintiff in a civil case, however, has no constitutional right to counsel and counsel should only be appointed in "exceptional circumstances." Id. (citing Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992)). Plaintiff has not articulated any reason for the Court to appoint counsel, nor has she demonstrated that her case is so complex, or that exceptional circumstances exist, such that an appointment of counsel would be appropriate. Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989) (collecting cases); Brunskill v. Boyd, 141 Fed. Appx. 771, 777

---

[2]Plaintiff actually cites to 42 U.S.C. § 2000e-5(f)(1)(3), which the Court construes as a citation to 42 U.S.C. § 2000e-5(f)(1).

(11th Cir. 2005). Accordingly, the Court finds that plaintiff's request for appointment of counsel should be denied without prejudice.

Accordingly, it is now

**ORDERED**:

Defendant, Bank of Florida Corporation's Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action and Supporting Memorandum of Law (Doc. #14) is **GRANTED** and the Complaint is **dismissed without prejudice** with leave to file an "Amended Complaint" within **TWENTY (20) DAYS** of this Opinion and Order and in compliance with the Court's directions.

**DONE AND ORDERED** at Fort Myers, Florida, this \_\_11th\_\_ day of May, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record